Johnson, J.
Section 2087 of the Revised Statutes, as amended 77 O. L. 217, paragraph 3, is the law under which these children were committed to the house of refuge. That paragraph authorizes a mayor, police judge or justice to commit minors under sixteen years of age, upon complaint and due proof that they are homeless, or are without proper and suitable homes.
Section 2061 provides that, “ No commitment of an infant to a house of refuge and correction shall be for a shorter period • than till such infant shall be reformed, or attain the age of majority, except in case of infants committed to await their trial, or as witnesses, and except in such cases as the board may, by its general rule, provide ; but any infant, by whomsoever or for whatever cause committed, may at any time be discharged upon the order of the board duly entered upon its minutes, or upon habeas corpus, if the court or judge, upon hearing, decide that neither the interest of the minor nor of the public will be endangered by such discharge. ”
This section was amended 78 O. L. 253, but since final judgment was rendered in this case; hence the amendment need not be considered, as it does not affect the question at bar.
Houses of refuge and correction, established since May 7, 1869, are governed by sections 2031 to 2082 of the Revised Statutes, while those established prior to May 7, 1869, are governed by sections 2083 to 2090, as amended.
Section 2050, which is applicable to both classes of houses of refuge, provides that the board may, in its discretion, receive into such institution infants under sixteen years of age, committed to their custody by the mayor, judge or justice of . the peace, on complaint and due proof in the following cases :
1st. By parent, guardian, or next friend, of such infant, when, it appears, that by reason of incorrigible conduct, such *202 infant is beyond control, and that from regard to the welfare of such infant and the protection of society, he should be placed under the guardianship of the board of directors of. such house of refuge. ' •
2d. When upon complaint by any one, and due proof that such infant is a proper subject for such guardianship, in consequence of vagrancy or of incorrigible or vicious conduct, and from the moral depravity of the parent, guardian, or next friend, they are incapable or unwilling to exercise proper care and discipline over such infant.
3d. When such infant is without a suitable home, and means. of obtaining an honest living, or is in danger of growing up to an idle and vicious life.
Sections 2051, 2052 and 2053 provide for commitment of such infants, committed of crimes and offenses.
Section 2051 authorizes grand juries, in their discretion, where the evidence against an infant under sixteen years of age would warrant an indictment, to return to the court that the accused is a suitable person to be committed to the guardianship and correction of the directors of the house of refuge. Thereupon, on notice to the minor and giving him an opportunity to be heard, the court shall, without a jury, dispose of the case, and if satisfied of the truth of the return, commit the accused.
The last clause of section 2061 clearly recognizes this principle :
“ But any infant, by whomsoever or for whatever case committed, may at any time be discharged upon the order of the board, duly entered upon its minutes, or upon habeas corpus if the court or judge, upon heari/ng, decide that neither the interest of the minor nor of the public will be endangered by such discharge. ”
No provision is made in the statute for notice to the parent, guardian or next friend.
It was not the intention to confer upon mayors and like officers judicial powers over the legal rights of parents to the custody of their children. The paramount object is the good of such infants as are destitute of parental care. It is the *203 exercise -of that parental guardianship which the state has assumed. The proceeding is, in its nature, special. While notice to parents, or others standing in that relation to infants, should be given where practicable, it is not essential to the jurisdiction of the examining officer. These officers are not invested with power to finally adjudicate the legal rights of parties. The scope and purpose of this statute is to provide, in a summary manner, for the destitute and homeless, as well as the vicious, and to provide for the maintenance and discipline of those who might otherwise grow up in habits of idleness and crime. It is conceded that such a notice is not required when the infant is accused or convicted of crime, or is held as a witness. This is so, not because the parent has forfeited any of his legal rights, but because, in such cases, the police power of the state is paramount.. So, where the grand jury, in place of an indictment for crime, makes a return that the infant should be committed to the house of refuge, or the reform farm, the court, after notice to the infant alone, and without a jury, determines the case, and commits the accused.
If this is a correct exposition of the statute, the next inquiry is, whether an act which does not require notice, is against public policy, and in violation of the fundamental law of the land % The error of the court below consisted in assuming that the judgment of the committing officer divested the parent of his legal right, without an opportunity of being heard. It is obvious that this is a misconception. The proceeding is purely statutory. It is intended to provide a summary method for caring for destitute children.
The commitment is not designed as a punishment for crime, but to place destitute, neglected and homeless children, and those who are in danger of growing up as idle and vicious members of society, under the guardianship of the public authorities, for their proper care, and to prevent crime and pauperism. As to such infants, it is a home and a school, not a prison. While no provision is' made for a notice to those interested, if such there be, of the pendency of the proceeding, yet it would doubtless be proper for the examining officer, *204 where it is practicable, before making the order, to require such notice, but the statute does not seem to require it as essential to the exercise of this power. As was said in Prescott v. State, 19 Ohio St. 188, where a similar question arose, “neither the infant, nor any person who would in the absence of such commitment be entitled to his custody and services, will be without a remedy.” The statute itself, as well as the provisions relating to habeas corpus, provide an adequate and complete remedy. In such a direct proceeding, the commitment does not operate to restrict the power of the court on habeas corpus, to inquire fully into the cause of the detention, and to determine upon the whole case, whether the parent is entitled to the custody of his child.
The court below should have fully heard this ease upon its merits, the commitment being in due form, and if the father was not a suitable person to have the care of these children, should have remanded them to the custody of defendants, until legally discharged. The authority of the state, as pa/rms pat/rice, to assume the guardianship and education of neglected homeless children, as well as neglected oi’phans, is unquestioned. The institutions of public charity, for this purpose, in this state, are a subject of just pride to every citizen. The provisions of law under which these institutions are maintained, should receive such a construction as will not defeat their humane intention. So long as the management of these institutions is held to public account, and is amenable to the courts, there need be no apprehension that personal rights will be infringed, especially where, as in this case, direct and ample remedies by habeas corpus are provided for the protection of the legal rights of parents and others.
Judgment reversed, and cause remanded.